DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court sua sponte. The court finds that appellant, A.J. Borkowski, Jr., did not file his notice of appeal within the time constraints of App.R. 4. The order from which Borkowski wishes to appeal declared appellant to be a vexatious litigator pursuant to R.C. 2323.51. The order was entered on the court's journal on April 29, 2004, and the clerk of courts served notice of this judgment and its date of journalization on appellant pursuant to Civ.R. 58(B) on April 29, 2004.
 {¶ 2} App.R. 4 governs the time for filing a notice of appeal and states:
 {¶ 3} "(A) Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} Civ.R. 58(B) states:
 {¶ 5} "(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. * * *"
 {¶ 6} Thus, in order to be timely and unless an exception applies, Borkowski had to file his notice of appeal within 30 days of April 29, 2004. Borkowski did not file his notice of appeal until July 9, 2004. There are exceptions to this 30 day rule, one of which applies to this case. R.C. 2323.52, the vexatious litigator statute, contains a special provision for situations such as the one presently before us.
 {¶ 7} Under this statute, a person who is declared to be a vexatious litigator pursuant to R.C. 2323.52(D)(1), may not institute legal proceedings, including filing a notice of appeal, without first obtaining leave of court. To compensate for the time it would take to obtain leave, the statute provides:
 {¶ 8} "If a person who has been found to be a vexatious litigator under this section requests the court of common pleas * * * [for] leave to proceed as described in division (F)(1) of this section, the period of time commencing with the filing withthat court of an application for the issuance of an ordergranting leave to proceed and ending with the issuance of anorder of that nature shall not be computed as a part of anapplicable period of limitations within which the legalproceedings or application involved generally must be institutedor made." R.C. 2323.52(F)(1). (Emphasis added.)
 {¶ 9} Borkowski filed his motion for leave to proceed on June 1, 2004. Leave was granted on June 10, 2004. Thus, those ten days are not computed as part of the 30 day period. The entry of judgment was on April 29, 2004. The motion for leave to proceed was filed 30 days later on June 1, 2004, (May 29, 2004, was a Saturday, May 30, 2004, was a Sunday, and May 31, 2004, was Memorial Day, making Tuesday, June 1, 2004, the day on which the notice of appeal would be due). Thus, without counting June 1 through June 10, Borkowski's notice of appeal was due on June 11, 2004. The July 9, 2004 notice of appeal was 29 days late.
 {¶ 10} The time for filing a notice of appeal is jurisdictional, App.R. 14(B), and this court orders the appeal dismissed at appellant's costs.
Appeal Dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J., Concur.